Good morning. I'm sorry to be prolonging your day. No, this is an interesting case. You don't need to apologize. Thank you. My name is Michael Laguirre, and I represent the City of San Juan Capistrano. The City is bringing before you today a claim for a 14th Amendment due process violation. We are asking you to embrace, in a sense, an unremarkable proposition, that parties with property interests who participate as parties in CPUC proceedings have due process rights. The City of San Juan Capistrano, with a property interest, participated in a CPUC proceeding. Ergo, the City of San Juan Capistrano. I guess the whole thing is standing under South Lake Tahoe, and I'm not really clear on why the City is entitled to get around the City of South Lake Tahoe. You want to put your finger right on the issue. South Lake Tahoe said that a political subdivision cannot challenge a state statute. There's no state statute that's being challenged in this case. What's happening in this case is that the City of San Juan Capistrano was admitted, duly admitted, as a party to a CPUC proceeding. The basis of the City's participation is the City's property interest in a franchise contract with SDG&E that provides that SDG&E will only construct what is necessary and proper. That's at ER 29, paragraph 24 of our complaint. What was necessary and proper had to be determined by the CPUC honestly, in which the City had a right to participate as a party. So can I ask a question, though? Because this is a due process claim, so two fundamental questions. First is, and this is jumping ahead to the merits, so I'm going to be jumping around, but how does the city have a due process claim when there was a state remedy that was allowed through appeal and they didn't even take advantage of it? They intentionally let that go. Another excellent question. Attorneys make judgment calls about the strongest case that the client has. I understand that, but how do you have a due process claim when you left process on the table by your own calculation? Because, Your Honor, because you have an option. We felt... Well, maybe you have an option. Well, that's true. Okay, I agree with you. But we felt that the better option for us to bring a federal due process claim in which we're alleging some pretty serious facts regarding the State of California and the Public Utilities Commission, that the better forum to resolve a federal question under the Constitution is a federal court, not a state court. So that was a judgment call. Okay, so then I'm going to question your judgment on that because you've got... Even if we wanted to overturn... Well, first of all, the panel can't overturn South Lake Tahoe. It is interesting. We've got three judges, at least, by my count, that have written on this question and said this court should take it en banc, that South Lake Tahoe might not have been properly decided or at least the length of it or the breadth of it. However, no judge seems to suggest in any court that a due process claim by a city is the case that provides the exception to this. And, I mean, the U.S. Supreme Court has already said over 100 years ago that the city doesn't or a political subdivision does not have a due process claim against a state. It says it doesn't have a due process claim against the state to challenge a statute. This is not this case. This case is we are literally admitted as a party in a judicial proceeding. In allowing the person who was in charge of this, the president of the CPUC, in allowing an unnecessary SDG&E revenue project, the CPUC president violated the city's due process rights, denied the city a fair hearing before an impartial tribunal. The project decision was supposed to be made by an administrative law judge after hearing the evidence in the case. Here's what happened. There were nine days of heavy-duty testimony. San Juan Capistrano participated as a party, cross-examined, put evidence on. SDG&E participated. SDG&E called five expert witnesses. There were three witnesses on the other side. This is what the administrative law judge said after hearing the witnesses. SDG&E's witnesses were repeatedly, quote, evasive, obstructionist, and generally lacking credibility, quote, unquote. And then the administrative law judge stepped forward and said, after listening to the eight witnesses and considering the evidence, the project wasn't needed. It wasn't needed for reliability, and it wasn't needed to serve load. That's what the decision should have been. But instead, in violation of due process, the CPUC president had a series of ex-party meetings. Ex-party meetings in and of themselves are not a problem. But in this particular case, when you read what happened at the ex-party meetings, the very two issues, whether the project was needed for load, whether it was needed for liability, all that information came back in in front of the CPUC president after the ALJ judge said, no, the witnesses are not credible, they're evasive, they're obstructionist. So under those circumstances, limited circumstances, where a city participates in a quasi-judicial proceeding in which everybody else has due process rights, and the city has a property interest in the form of its franchise agreement term that says, hey, only what is necessary, only what is necessary. The city participates, shows it's not necessary, and the entire administrative process. You know, in the Stevens case – Is your position that an appeal in the state court was a futile effort because it was so tainted that you couldn't get a fair process on appeal? Your Honor, that's a slippery slope for me to go down. Well, it's a pretty important slope you need to address. But because, as you delve into this, and I'm sure you have, the concept for us is the best forum to resolve a 14th Amendment claim in which you're alleging bad behavior on the part of super powerful interests in which the governor's sister sits on the board of directors of the entity is probably not the state court. You're probably going to have a better chance in federal court. Well, maybe you could get to federal court. If you go up to the state supreme court, then maybe you can have a direct appeal to the United States Supreme Court. But you don't have a case here. We've said you don't have standing. But, Your Honor, may I please respectfully disagree? I understand your argument. You're trying to carve out a narrow exception. The court has never said that if a city participates in a judicial proceeding in which it has a property interest, it has no due process rights. I actually don't agree with that. I think the U.S. Supreme Court has said a city cannot sue or a political subdivision cannot sue a state for a due process violation. End of story. That does seem to be a per se rule. Well, you know, if you look at the Gamillion case. That wasn't a state subdivision. Those were individual citizens who were bringing that up. No, no, that was a state subdivision as well. And it was about whether the legislature could or the city could jam all these different neighborhoods together. But it did involve a state agency. And, Your Honor. You do have Gamillion. And you have a couple of other cases too. Yes. NRDC. The way I can distinguish them from Pennhurst and all the cases saying the 11th Amendment bars this sort of suit is they're all race discrimination civil rights cases. Every case that goes your way is a race discrimination civil rights case. And all the others just seem to be straight 11th Amendment. They're not looking at the fact that you're a political subdivision so much as that you're suing the state without its consent. Let me thank Your Honor for bringing up the 11th Amendment. The 11th Amendment simply states that we have to sue an individual. If you look. Not exactly. What it says is you can't sue a state. And, impliedly, you can't sue a political subdivision of a state. Period. Because the 11th Amendment says in law or equity. What Ex parte Young says is, yeah, that's right. You can't sue a state or a political subdivision, but you can sue an individual for an injunction because we presume that the state would not authorize an individual to act contrary to the Constitution. Right. And that's essentially, Your Honor. You can't sue an individual. Well, no, but we did. We didn't necessarily explicitly name them as a party, but if you look at our complaint, beginning on paragraph 6, the actions of CPUC President are alleged to, quote, lie at the heart of this complaint, close quote. And then we then proceed in 44 specific paragraphs laying out. Right. But the problem is the name defendant in this case, the California Public Utility Commission. That's an agency, an arm of the state. So even if you can get past South Lake Tahoe, the 11th Amendment would doom this litigation, wouldn't it? But we should be given leave to amend. We've never amended the complaint. We requested leave to amend before the district court. The district court never got to the question of whether we could amend. And the basis for our amendment, as I said, if you would take a look at the allegations of our complaint regarding President Picker, ER 25 to 58, easily added as a defendant. Easily added as a defendant because he is the sole person that orchestrated. Well, should we analyze futility here in the first instance or send it back for the district court to do that? I think out of fairness to the district court, you should send it back to the district court. Did you tell the district judge when he was considering this motion, Your Honor, if you dismiss, please give us leave to amend. We think we can amend to cure the defect. We asked for leave to amend beforehand in our papers, but what happened was the judge. Based on the same argument? Well, based on it, we asked for leave to amend on the 11th Amendment, but he never got to the 11th Amendment. The judge only got to South Lake Tahoe. Remember, the 11th Amendment is about us suing an individual, and South Lake Tahoe is about us being an agency that has the ability to sue. I understand that the district court didn't reach that analysis. My question was whether you articulated your 11th Amendment leave to amend argument to the district court the way you've done it here. Well, we put it in a request in our papers. And we never got to the 11th Amendment because of South Lake Tahoe. But I just ask you just to consider this. Am I over my time? No, but do you want to save any for rebuttal? I want to save the rest for rebuttal, but I just ask you to consider this. This is not about a city suing a state. This is about the ability of a city to have the same due process rights as any other participant with a property interest. The Supreme Court has said you don't. That's the problem with your argument. And I want you to come back to me on the Gomillion case, and I'll let you do this in rebuttal. Because Gomillion says the petitioners are Negro citizens of Alabama who were, at the time of this redistricting measure, residents of the city of Tuskegee. I want you to go back and find me where the city was a party in that case. I will do that, Your Honor. But I will say this, Your Honor. If you look at Judge Reinhart's dissent. I've read it. He makes some good points. Unfortunately, it was vacated and rejected two years later. I know, but we're not going that far. Why don't you come back on rebuttal? I will do that. Thank you very much. Thank you. Let's hear from the commission. Good morning, Your Honors. May it please the Court. My name is Chris Nolan. I'm here for the California Public Utilities Commission. Also, the Council for San Diego Gas and Electric has requested a few minutes of time, and so I'd like to try and reserve a couple minutes for them to have a say as well. All right. And thank you. I agree with a lot of the Court's reasoning so far expressed, and I just say that Gamillion is about disenfranchised former citizens, but the action was not brought by its political subdivision against its creator state. Can you help me out? South Lake Tahoe appears to be good law. We've affirmed it multiple times. I can't for the life of me figure out how they reached that conclusion. We seem to be the only circuit with this per se rule, and I tend to agree that we should revisit South Lake Tahoe. I mean, you read it. Help me understand what the basis is to say that a political subdivision can never sue the state. Well, I think it gets back to sovereign immunity, and it's not that it can't sue a state. It derives from the 11th Amendment? Well, it's not necessarily the 11th Amendment, but the rights that the states had upon entry into the United States of America, even predating the 11th Amendment. The 11th Amendment recognizes that, but the federalism has these two poles of state law and sovereignty and then the federal constitution that sits on top of it. And I think South Lake Tahoe is a good balance of that and one that recognizes both roles in both judiciaries. And I think the fact that it's established precedent benefits the Ninth Circuit by having settled law. I think it's clear. It's easy to follow. I think if you're a practitioner, you should know that you shouldn't bring a case in federal law. I'm not sure it's so easy to follow. South Lake Tahoe says that it's well established that political subdivisions of a state may not challenge the validity of a state statute under the 14th Amendment. And your adversary says we're not challenging the validity of a state statute. We're challenging the conduct of a state entity that we think violated a contract that we're entitled to the benefit of. Yes. And does South Lake Tahoe speak clearly to that? South Lake Tahoe doesn't, but the succeeding cases do. And so South Lake Tahoe was – Burbank Airport that I thought might, but it's not as clear as I'd like. Well, I'm sorry, Your Honor, but South Lake Tahoe itself mentions statute, but in fact they were looking at, quote, land use regulations and regional transportation plans. In Burbank, they were looking at procedures for review by the Burbank City Council. In the Palomar case, the plaintiffs were complaining about the California Code of Regulations. So the idea that there's been any kind of limitation to just statutes is – that distinction has never been recognized by this circuit. Well, so I would agree with you if South Lake Tahoe was on its own. What's interesting to me is that our subsequent cases – I'm not sure that South Lake Tahoe was a per se rule, but we've always said that it is, and not just once, like multiple times. So it puts us in a tough position given all this line of cases. I'm more – the problem is the only analysis of whether South Lake Tahoe should be held or continued is in concurrences or dissents. We've got three judges who've said it should go en banc. We might get enough votes to take it en banc without ever asking for an en banc vote, but unfortunately they've never come together in one case. Now, I don't think this is the case to take it and define it, but it is confusing as to why we are such an outlier. Every other circuit, four or five by my count, has said, no, there are certain cases where political subdivision can sue. Well, there's been a carve-out for supremacy clause challenges, and that's what this circuit in the sense in concurrences has sort of intimated that it might work out. It's not at issue here, right? That's correct. Is there any case that has allowed a due process claim in any court in the country to proceed by a political subdivision against a state?  And so in terms of due process, and Your Honor hit on this, is that the city had the same due process rights as everyone else. They weren't deprived of any that others had. They had the right to file in the California Court of Appeal. They elected not to do so. I want to know, does a political subdivision have due process rights? I mean, based on your argument and what I interpret some of the Supreme Court cases to suggest, they don't have due process, like they just don't have due process rights, which is a little counterintuitive, but it may be correct. I mean, they're arguing, well, we're a party to the case, so therefore we should be treated as anyone else. But there seems to be this precedent that political subdivisions just don't have due process rights. I agree that there's a tension in the law about this, and I think it comes to what we were talking about earlier, about the dual elements of federalism with state law and federal law on top of it. And I think it's because the political subdivisions are creatures of the state and they can be abolished by the state, and they can't, you know. It goes their right to life. So where do they have rights? Of life, liberty, and property. Right. I've always been troubled by that, too. I think that's an issue for the courts, and I think they've come down in different places. But I think South Lake Tahoe provides a benefit of a stabilizing precedent in the circuit. As I recall, this is a decision that's a matter of law, and if we affirm we can go on any grounds, whether they're what the district court chose as the grounds or not. I'm wondering, is it better to go on standing or is it better to go on 11th Amendment? Because I don't see how you get past the 11th Amendment on the pleading as it stands. I also don't see why they couldn't amend to name individuals. Well, I think standing is probably the best ground to go on and the firmest, and South Lake Tahoe provides a ready avenue for that. I also think there are problems with the 11th Amendment argument in that because it's different when a state subdivision is suing another state actor in terms of 11th Amendment, and that's where the Palomar case comes in, and that's where it holds that states can't sue individual commissioners acting in their official capacity, and that's at 1108 of that. A question that I asked Mr. Aguirre. If we get past South Lake Tahoe and get to the 11th Amendment issue, I think counsel's conceded he's got a problem, but he indicates that we should remand for the district court to take a look at the leave to amend question in the first instance since the district court never reached that. What's your answer to that? My answer to that, Your Honor, is that they've waived the argument below and to have a remand. They abandoned the argument in their opening brief before this panel. They did not mention it in the opening brief. But counsel represented to us that he did ask for leave to amend below. Are you saying that that was based on a different theory? Is that why there's waiver in this case? They asked for it in their papers, but at the hearing, it was not requested that leave to amend be granted on that basis. And I'd like to, I mean, the district court, and this is in the evidentiary record at five, states here the defects in the complaint concern the identity of the parties themselves. In requesting leave to amend, the city only mentioned that it could allege new facts or add specificity to its allegations. It didn't suggest it could change the identity of either party involved. So it doesn't seem that the defects in the city's complaint can be cured by new or additional allegations. What were you reading just now? I'm sorry, that was the district court below in the evidentiary record at five. And then at oral argument below, at the oral argument, the transcript of which is ER 6 through 21, the city didn't contest this characterization or argue that it could add new parties. It didn't ask to leave to amend to add a new party so that it could adopt this line of reasoning. Well, I think the district court was referencing the opposition and said that, well, any kind of proffered amendments that you've stated in your opposition papers didn't include a request to change the identity of the parties. And so on that grounds, since now it's a purely legal issue, we can reach the 11th Amendment question ourselves. That's correct, Your Honor. And then, again, as noted, they didn't raise it again in the opening brief here. So that's my argument for that. And then we've discussed the process. And so it's not that San Juan Capistrano is being deprived of the process. It's just that it has to occur in the state under established law and the 11th Amendment jurisprudence. Is the fact that they didn't appeal it and they left some process on the table, and maybe this is what is going to be addressed on the merits, but isn't that dispositive of the due process claim? Even assuming we wanted to get past the standing and get past the 11th Amendment, don't you just say, well, wait, how can you claim a due process violation when you left process on the table? Yeah, Your Honor, I agree fundamentally, and that makes sense to me. But could we actually decide that, or would we have to remand that back to the district court for further consideration? I think you'd be entitled to decide that yourselves, and I don't think that that needs to be determined on a factual basis by the district court. We've held in South Lake Tahoe and subsequent cases that the political subdivision is a standing question. Other courts have not agreed with that. Is there any reason to believe that intervening Supreme Court cases or any other cases have changed that analysis such that it shouldn't be a standing question? I don't believe so, Your Honor. I think it's the first question that the court should ask when it's addressing whether or not it has jurisdiction over it. And standing, I think, is the appropriate first question, and thinking of it in those lines doesn't offend the Constitution to me or the jurisdiction of the court. So framing it in that way, I don't think it's improper. You want it to save time for Mr. Baltaldin? Yes, Your Honor. Thank you. Thank you, Your Honor. May it please the court, Petter Bataldin on behalf of San Diego Gas and Electric Company as amicus. Let me start, Judge Nelson, with your question about the city's failure to seek appellate review in the state appellate system. That makes the decision of the commission res judicata, which means that this action is barred, any amendment would be futile, and there's no reason for a remand. The U.S. Supreme Court held in Utah. I don't understand your argument there. The argument that the city has made here this morning is that they could amend the complaint to sue an individual defendant to get around the Eleventh Amendment problem. There are two reasons why an amendment would be futile and should not be allowed. The first is they've already waived it in the district court, as Mr. Nolan explained, and then when they brought it up, the city did in sort of the last breath of its reply brief, bring up the possibility of amendment here, but they didn't explain why the district court was wrong to find that they forfeited the point, so they forfeited for appeal as well. But second, an amendment to sue Commissioner Picker or any other individual would be futile because the whole subject matter of this suit is barred by res judicata. And let me explain that if I just have one minute. In the Utah construction case, the U.S. Supreme Court held in 1966 that administrative decisions that are judicial in character can have claim-preclusive effect. And then 20 years later in University of Tennessee v. Elliott, the Supreme Court explained that even unreviewed administrative agency decisions can have that same claim-preclusive effect. And that's exactly what happened here. The city declined to take advantage of the natural pathway that California allows for review of agency decisions by proceeding in the California Court of Appeal and potentially to the California Supreme Court. And when they failed to take advantage of that opportunity, the commission's decision became res judicata. And res judicata, as you know, bars not only the same claims but also other related claims that could have been brought based on the same transaction. What they're seeking to prove here is that the commission's decision wasn't supported by substantial evidence. The commission got it wrong. That's exactly what would have been litigated in the California Courts of Appeal had they sought to pursue their remedy. And for that reason, their claims are barred by res judicata. There's no point in sending this case back. It's barred. Didn't you address the merits of the due process claim in your amicus brief? Maybe I'm misremembering. Yes. Okay. I'd like to hear a little bit about that because I don't know that we'll get to the first two issues, but if we get to the merits, why do they not have a due process claim here? They do not have a due process claim, Your Honor, because their claims are based on Section 1983. And under 1983, you can only sue a person. The commission is not a person. This court held in Sable Communications, and this is a direct quote, CPUC is not a person for purposes of Section 1983. Would the commissioner be a person for purposes of 1983 if they were allowed to amend? Your Honor, a human being like Commissioner Picker is a person, yes. But is he a person if he's sued in his official capacity? No. An official capacity suit would be a suit against the state, and therefore that is not a person. So the only amendment is in his individual capacity? Yes, Your Honor. And as I've explained before, they waived that in the district court, waived it on appeal, and it's futile because it's barred by race judicata. Thank you. Thank you. First of all, thank you very much, Your Honor. I was in error. What I meant to say is in the Vermillion case, the issue was whether or not the state legislature had plenary authority over the city of Tuskegee to reorganize it any way it wanted to. And the court said, no, you don't. If you send it back to judge, the district court, he will find that there's no way that he addressed the issue about amending the complaint with regard to the 11th Amendment. What he was talking about, there was no way for us to amend the complaint to get around North Lake Tahoe. He never got, if you look at his ruling, he specifically never reached the 11th Amendment case. He only dealt with North Lake Tahoe. And I think the easiest way to deal with that is to go back. Finally here, think about this race judicata argument. Think about what... South Lake Tahoe. South Lake Tahoe wouldn't preclude you from suing the commissioner in his individual capacity. No, that's true. That's why we're asking for leave to amend. But think about that. Is that what you claimed in your amended complaint? Yes. And if you look at our complaint, there's 44 allegations. It's not something we just... I think Judge Nelson was talking about the claim as you asserted in the opposition because as the district court summed it up, the city only mentioned that it could add new facts or new allegations, not that you would change the identity of the party being sued. The court was dealing with the issue of North Lake Tahoe, not the 11th Amendment. South Lake Tahoe. I mean, South Lake Tahoe. Now, think about what was just argued a moment ago. What is the cardinal principle of res judicata and collateral estoppel? A fair hearing. There is no appellate right in the state court. No. You couldn't have gone to the California Court of Appeal? What you do... No, it's discretion around whether they take... What you do, since we're opening up the record a little bit, what you do... Yes. Now, we had something very similar... You still didn't ask him. No one's addressed this, but I just don't understand how you have a due process claim where you didn't try that route. Because, Your Honor, this is a federal right. We have a separate federal claim. We don't have to exercise our rights under the state law. Oh, so you're saying you picked what you thought was the better forum. Exactly. But let me just say one thing, since we've opened it up a little bit. We had a very similar circumstance that the Ninth Circuit resolved with regard to the San Onofre case. Same exact problem. Same exact problem. And the Ninth Circuit, because the Ninth Circuit declined to dismiss our case against San Onofre, we were able to work out a resolution that brought $775 million to rate payers. Because the Ninth Circuit understood that there's a major problem with the Public Utilities Commission, and you can read about it from the fires in San Francisco all the way down to... Now you've gone well beyond rebuttal. I know, but... And over time as well, so I think that we've got to wrap it up here. You opened the door a little bit, so, okay, I agree. Thank you very much for your patience. I very much appreciate it. Both sides of the argument in this case. It's submitted for decision, and that concludes our argument for the week. We're adjourned. Thank you, counsel. Thank you. All rise.
judges: Kleinfeld, Nguyen, Nelson